KATIE KNELL (286011)
HOFFMAN & FORDE, ATTORNEYS AT LAW
3033 Fifth Avenue, Suite 225
San Diego, CA 92103
Telephone:  (619) 546-7880
Facsimile:  (619) 546-7881
Email: kknell@hoffmanforde.com

*Attorney for Defendant (Pro Hac Vice)*
*Southwest Traders, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:**<br><br>**BGI, INC., f/k/a Borders Group, Inc.**<br><br>Debtor, | **Chapter 11**<br><br>**Case No.: 11-10614 (MG)**<br><br>**Substantively Consolidated** |
| **In re:**<br><br>**Curtis R. Smith, as the Liquidating Trustee of the BGI Creditors' Liquidating Trust,**<br><br>Plaintiff,<br><br>vs.<br><br>**Southwest Traders, Inc.**<br><br>Defendant. | **Adv. Pro. No. 13-01074 (MG)** |

**ANSWER AND AFFIRMATIVE DEFENSES TO ADVERSARIAL COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. SECTIONS 547, 550 AND 502(d)**

Defendant, Southwest Traders, Inc. ("Defendant"), by and through its undersigned attorney, file these Answers and Affirmative Defenses Curtis R. Smith's Adversary Complaint to Avoid and Recover Preferential Transfers and to Disallow Claims Pursuant to 11 U.S.C. §§ 547, 550 and 502(d) (the "Complaint"), and state as follows:

- 1 -

# INTRODUCTION AND PARTIES[1]

1. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, and therefore denies them.

2. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint, and therefore denies them. Defendant states that the Order referenced in Paragraph 2 speaks for itself, and is the best evidence of its contents.

3. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint, and therefore denies them. Defendant states that the First Amended Plan referenced in Paragraph 3 speaks for itself, and is the best evidence of its contents.

4. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint, and therefore denies them. Defendant states that the Confirmation Order referenced in Paragraph 4 speaks for itself, and is the best evidence of its contents.

5. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint, and therefore denies them. Defendant states that the Trust Agreement referenced in Paragraph 4 speaks for itself, and is the best evidence of its contents.

6. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint, and therefore denies them.

---

[1] Defendant has adopted certain subject headings used in Plaintiff's Complaint strictly for ease of reference by the Court and parties, and, by using those headings here, does not intend to admit the truth of any allegation contained within them. To the extent that any of the subject headings in Plaintiff's Complaint may be construed to contain factual allegations, Defendant expressly denies such allegations.

- 2 -

**CASE NO.: 11-10614(MG)**
**ADV. PRO. NO.: 13-01074(MG)**

7. Defendant admits it is a corporation who transacted business in the United States. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 7 of the Complaint, and therefore denies them.

## JURISDICTION AND VENUE

8. The allegations contained in Paragraph 8 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9. The allegations contained in Paragraph 9 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10. The allegations contained in Paragraph 10 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 11 of the Complaint, and therefore denies them.

12. The allegations contained in Paragraph 12 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 12 of the Complaint.

## GENERAL ALLEGATIONS

13. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint, and therefore denies them.

14. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint, and therefore denies them.

## COUNT 1

- 3 -

(Avoidance of Preferential Transfers – 11 U.S.C. § 547)

15. Defendant hereby incorporates by reference its responses to paragraphs 1-14 of the Complaint.

16. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 16 of the Complaint, and therefore denies them.

17. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 17 of the Complaint, and therefore denies them.

18. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 18 of the Complaint, and therefore denies them.

19. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 19 of the Complaint, and therefore denies them.

20. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 20 of the Complaint, and therefore denies them.

21. The allegations contained in Paragraph 21 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. The allegations contained in Paragraph 22 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. The allegations contained in Paragraph 23 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 23 of the Complaint.

## COUNT II

(Recovery of Property – 11 U.S.C. § 550)

24. Defendant hereby incorporates by reference its responses to paragraphs 1-23 of the Complaint.

25. The allegations contained in Paragraph 25 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 26 of the Complaint, and therefore denies them.

27. The allegations contained in Paragraph 27 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 27 of the Complaint.

## COUNT III

(Disallowance of Claims – 11 U.S.C. § 502(d))

28. Defendant hereby incorporates by reference its responses to paragraphs 1-27 of the Complaint.

29. The allegations contained in Paragraph 29 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. The allegations contained in Paragraph 29 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 29 of the Complaint.

## COUNT IV

(Attorney's Fees – Fed. R. Bankr. P. 7008(b))

31. Defendant hereby incorporates by reference its responses to paragraphs 1-30 of the Complaint.

32. The allegations contained in Paragraph 32 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 32 of the Complaint. Pursuant to Fed. R. Bankr. P. 7008,

Defendant is entitled to recover reasonable attorneys' fees and costs of collection incurred in the defense of this adversary proceeding.

## COUNT V

(Prejudgment Interest)

33.     Defendant hereby incorporates by reference its responses to paragraphs 1-30 of the Complaint.

34.     The allegations contained in Paragraph 32 of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 32 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

The transfers that are the subject of this Complaint (each a "Transfer" and collectively the "Transfers") were intended by Borders Group, Inc. (the "Debtor") and Defendant to be a contemporaneous exchange for new value and were in fact substantially contemporaneous exchange.  Based on the foregoing, the Transfers are immune from avoidance pursuant to Bankruptcy Code section 547(c)(1).

### SECOND AFFIRMATIVE DEFENSE

The Transfers were made:

(a)     in satisfaction of a debt incurred by the Debtor in the ordinary course of business or financial affairs of the Debtor and Defendant;

(b)     in the ordinary course of business or financial affairs of the Debtor and Defendant; and

(c)     according to ordinary business terms.

Based on the foregoing, the Transfers are immune from avoidance pursuant to Bankruptcy Code section 547(c)(2).

### THRID AFFIRMATIVE DEFENSE

- 6 -

CASE NO.: 11-10614(MG)
ADV. PRO. NO.: 13-01074(MG)

After or concurrently with the date of the Transfers, Defendant gave subsequent new value to or for the benefit of the Debtor that was not secured by an otherwise unavoidable security interest, and on account of such new value the Debtor did not make an otherwise unavoidable transfer to or for the benefit of Defendant. Based upon the foregoing, the Transfers are immune from avoidance pursuant to Bankruptcy Code section 547(c)(4).

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff has inexcusably and unreasonably delayed in pursuing its legal rights, prosecuting this Action and providing Defendant with notice of this Action, which has prejudiced the rights of Defendant, and as a result thereof, Plaintiff is precluded from asserting its claims under the *doctrine of laches*.

**FIFTH AFFIRMATIVE DEFENSE**

The complaint, in its entirety, and each purported cause of action contained therein, *fails to state facts sufficient to constitute a cause of action* against the Defendant.

**SIXTH AFFIRMATIVE DEFENSE**

Defendant is entitled to a *set off* by reason of claims they may have against other individuals, including without limitation, indemnity, apportionment and contribution. The Defendant reserves all rights of setoff and recoupment, including a setoff and recoupment for any pre-petition and post-petition good and services provided to the Debtor, for which payment has not been made

**SEVENTH AFFIRMATIVE DEFENSE**

Any damages suffered by Plaintiff, in whole or in part caused by the acts, omissions or activities of Defendant, which Defendant denies, are barred, in whole or in part, by Plaintiff's *failure to mitigate damages*.

**EIGTH AFFIRMATIVE DEFENSE**

Plaintiff has inexcusably and unreasonably delayed in pursuing its legal rights, prosecuting this Action and providing Defendant with notice of this Action, which has

- 7 -

prejudiced the rights of Defendant, and as a result thereof, Plaintiff is precluded from asserting its claims under the *doctrine of laches*.

### NINTH AFFIRMATIVE DEFENSE

The Complaint is barred by reason of acts, omissions, representations and conduct by Plaintiff upon which Defendant relied to their detriment, thereby barring under the *doctrine of estoppel* any causes of action asserted by Plaintiff.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of *unclean hands*.

### ELEVENTH AFFIRMATIVE DEFENSE

The Complaint and each cause of action therein, are uncertain, ambiguous, and unintelligible.

### TWELFTH AFFIRMATIVE DEFENSE

To the extent that the Plaintiff is successful in recovering any of the alleged avoidable transfers, Defendant shall have a lien on such recovery to the extent provided in Section 548 of the Bankruptcy Code.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Defendant gave reasonably equivalent value to Debtor in exchange for any such transfers.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of accord and satisfaction.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the statute of limitations set forth in the Bankruptcy Code Section 546.

### SIXTEENTH AFFIRMATIVE DEFENSE

- 8 -

**CASE NO.: 11-10614(MG)**
**ADV. PRO. NO.: 13-01074(MG)**

This case should be dismissed because the Defendant at all relevant times had a security interest in certain collateral that secured the payment of all obligations that are the alleged transfers.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's *rights are limited* to the specific terms and conditions set forth in the alleged agreement as alleged in the Complaint.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Defendant reserves the right to assert additional defenses if, during the course of this proceeding, such defenses become known to Defendant.

**CONCLUSION AND PRAYER FOR RELIEF**

WHEREFORE, Defendant respectfully pray for a judgment against Plaintiff as follows:

1. Plaintiff's Complaint be dismissed in its entirety with prejudice;

2. Plaintiff take nothing;

3. For costs of suit, including reasonable attorneys' fees; and

4. For such other and further relief as the Court may deed just.

DATED: May _7_, 2013                HOFFMAN & FORDE, ATTORNEYS AT LAW


                                      /s/ Katie Knell
                                      KATIE KNELL

3033 Fifth Avenue, Suite 225
San Diego, CA 92103
Telephone: (619) 546-7880
Facsimile: (619) 546-7881
Email: kknell@hoffmanforde.com

Attorney for Defendant (Pro Hac Vice)
Southwest Traders, Inc.

**CASE NO.: 11-10614(MG)**
**ADV. PRO. NO.: 13-01074(MG)**

**CERTIFICATE OF SERVICE**

I hereby certify that on May 7, 2013, I caused Southwest Traders, Inc. Answer and Affirmative Defenses to Adversarial Complaint to Avoid and Recover Preferential Transfers and to Disallow Claims Pursuant to 11 U.S.C. Sections 547, 550 and 502(d) to be filed electronically with the Clerk of the Court, which sent notification of such filing to all ECF Participants.

Respectfully submitted,

HOFFMAN & FORDE, ATTORNEYS AT LAW

/s/ Katie Knell
KATIE KNELL

3033 Fifth Avenue, Suite 225
San Diego, CA 92103
Telephone: (619) 546-7880
Facsimile: (619) 546-7881
Email: kknell@hoffmanforde.com

Attorney for Defendant (Pro Hac Vice)
Southwest Traders, Inc.

**CASE NO.: 11-10614(MG)**
**ADV. PRO. NO.: 13-01074(MG)**